# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **1:17-cr-00247-LJO-SKO-1** |
| **Plaintiff,** | **ORDER RE REQUEST FOR TRANSCRIPT AND DOCKET SHEET (ECF NO. 15)** |
| **v.** | |
| **JUHUN MERRELL BROWN,** | |
| **Defendant.** | |

Defendant pled guilty on December 4, 2017 to one count of escape from custody in violation of 18 U.S.C. § 751(a). ECF Nos. 12 & 13. He was sentenced the same day to 18 months incarceration, to run consecutive to an undischarged term of imprisonment, and 36 months supervised release. ECF No. 14. Defendant has now filed a request for a copy of his sentencing transcript and a copy of the docket sheet in this case. ECF No. 15.

As to the request for his sentencing transcript, which has yet to be prepared for any party or purpose in this case, 28 U.S.C. § 753(f) provides that the United States shall pay the fee for transcripts

1

furnished in criminal proceedings under the Criminal Justice Act (18 U.S.C. § 3006A) or in a non-frivolous habeas corpus proceedings where the defendant has been permitted to proceed in forma pauperis. *United States v. Lucatero*, No. 05–cr–0443–WBS, 2007 WL 1747077, at *1 (E.D. Cal. June 18, 2007) (citing 28 U.S.C. § 753(f)). "A prisoner is not constitutionally or statutorily authorized to receive free copies of transcripts simply because he intends to bring a § 2255 petition for post-conviction relief in the future." *Id*. 28 U.S.C. § 753(f) further provides that fees for transcripts in § 22554 proceedings shall be paid by the United States under the statute if the defendant is "permitted to sue or appeal in forma pauperis," and, "if the trial judge ... certifies" that (1) "the suit or appeal is not frivolous"; and, (2) "that the transcript is needed to decide the issue presented by the suit or appeal." *See also Britt v. North Carolina*, 404 U.S. 226, 227 (1971) (finding that an indigent prisoner must, as a matter of equal protection, be provided "with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal").

      Because Defendant has yet to file any post-conviction motions, under 28 U.S.C. § 735(f), Defendant's request for a free copy of his transcript is therefore premature and cannot be entertained at this time. *See United States v. Connors*, 904 F.2d 535, 536 (9th Cir. 1990) ("Although Connors is indigent, he has not filed a habeas petition, and therefore is not entitled to copies of his trial transcript at government expense until he does so."); *see also Lucatero*, 2007 WL 1747077, at *2 ("The vast majority of courts have interpreted [28 U.S.C. § 753(f)] to mean that until a prisoner actually 'brings a proceeding under section 2255,' he is not entitled under § 753(f) to have costs for creating or copying such transcripts or other documents paid by the United States."). In the absence of Defendant actually filing a post-conviction motion, the Court cannot determine whether that motion is frivolous, as required by § 753(f).[1] Therefore, his request for a free copy of his sentencing transcript is DENIED WITHOUT PREJUDICE.

---

[1] The Court notes that Defendant's plea agreement precludes him from bringing most forms of collateral. *See* ECF No. 14.

2

Defendant is free to request that the transcript be prepared at his own expense. Accordingly, the Clerk of Court is directed to serve on Defendant a transcript request form along with a copy of this order.

Because the docket sheet is of modest length, Defendant's other request is GRANTED as a courtesy. The Clerk of Court is also directed to serve a copy of the docket upon Defendant along with this order.

IT IS SO ORDERED.

    Dated:   **February 28, 2018**          /s/ Lawrence J. O'Neill
                                                                      UNITED STATES CHIEF DISTRICT JUDGE